UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMAR L. SMITH,

                          Plaintiff,

          -against-                                    26-CV-0731 (ALC)

MACNAIR SILLICK; GORAN REMES;                          ORDER OF SERVICE
JONATHAN (HEAD BARTENDER); ARLO
WILLIAMSBURG,

                          Defendants.

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. The complaint can also be liberally construed as asserting claims arising under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. By order dated January 29, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss a complaint filed IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

### DISCUSSION

### A.    Claims against Jonathan

The complaint identifies an individual named "Jonathan" as one of the defendants, listed as "Jonathan (Head Bartender)" in the caption of the complaint. Plaintiff does not, however, include any factual allegations or narrative details in the body of the complaint regarding Jonathan or his involvement in the events giving rise to Plaintiff's claims. Accordingly, at this stage, Plaintiff's complaint does not state a claim against this individual, and the Court dismisses Defendant "Jonathan," without prejudice to repleading. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants Arlo Williamsburg, Macnair Sillick, and Goran Remes through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses issue, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Court dismisses Plaintiff's claims against Defendant "Jonathan," without prejudice to repleading.

The Clerk of Court is further instructed to issue summonses for Defendants Arlo Williamsburg, Macnair Sillick, and Goran Remes, complete the USM-285 forms with the addresses for Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    1/29/26
       New York, New York

_____
    ANDREW L. CARTER, JR.
    United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  Arlo Williamsburg
    96 Wythe Avenue
    Brooklyn, NY 11249

2.  Macnair Sillick
    96 Wythe Avenue
    Brooklyn, NY 11249

3.  Goran Remes
    96 Wythe Avenue
    Brooklyn, NY 11249